EAST BATON ROUGE PARISH
Filed Oct 24, 2019 10:39 AM
Deputy Clerk of Court

C-689746
25

| STEVEN W. YOUNG AND LATRICE ROBINSON | * | NO.: | SECTION: |

STEVEN W. YOUNG AND LATRICE
ROBINSON                                *    NO.:        SECTION:

*

*    19TH JUDICIAL DISTRICT COURT

VS.                                       *

*    STATE OF LOUISIANA

THE CITY OF BATON ROUGE,                  *
CHIEF MURPHY PAUL,                        *
JOHN DOE OFFICER 1, JOHN DOE              *    PARISH OF EAST BATON ROUGE
OFFICER 2, XYZ INSURANCE                  *
COMPANY                                   *
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## PETITION FOR DAMAGES

NOW INTO COURT, through undersigned counsel, comes Plaintiffs, Steven Young and

Latrice Robinson, both persons of full age and of majority, resident and domicile of East

Baton Rouge Parish, respectfully represent the following:

### PARTIES

1.

Made Defendants herein are the following:

a) THE CITY OF BATON ROUGE, PARISH OF EAST BATON ROUGE, a local
government entity and body politically created by statute, being a municipality, and
political subdivision of the State of Louisiana, but not an agency, or department, or arm
of the State of Louisiana (hereinafter sometimes referred to as "City," "Parish," "City-
Parish," or "C-P"), and owns, operates, manages, directs, and controls the Baton Rouge
Police Department ("BRPD"), which employs Defendants John Doe Officer 1, John
Doe Officer 2, and Defendant Murphy Paul;

b) JOHN DOE OFFICER 1 (hereinafter referred to as "JD1"), an unnamed police officer
who at all relevant times to this complaint, an officer in the Baton Rouge Police
Department, is a person of full age and of majority, believed to be domiciled in East
Baton Rouge Parish. He is sued in his individual capacity;

c) JOHN DOE OFFICER 2 (hereinafter referred to as "JD2"), an unnamed police officer
who at all relevant times to this complaint, an officer in the Baton Rouge Police
Department, is a person of full age and of majority, believed to be domiciled in East
Baton Rouge Parish. He is sued in his individual capacity;

d) CHIEF MURPHY PAUL, is and was at all relevant times, the Chief of BRPD, a person
of full age and majority domiciled in East Baton Rouge Parish. He is sued in both his
individual and official capacity;

e) XYZ INSURANCE COMPANY, an insurance company authorized to do, and doing
business in the State of Louisiana providing general liability coverage and/or Excess
of Loss Coverage for Chief Paul, JD1 and JD2 and/or City of Baton Rouge and the
Baton Rouge Police Department for any and all acts and damages occurring from this
incident and ALL EXCESS DAMAGE CLAIMS, incurred in the City of Baton Rouge
on behalf of all named Defendants.

f) At all times relevant to this complaint, all defendants acted in concert and conspiracy
and were jointly and severally responsible for the harms caused to plaintiff.

g) At all times to this Complaint, all defendants acted under the color of state law.

## JURISDICTION AND VENUE

2.

The 19th Judicial District Court has jurisdiction over this matter due to the jurisdictional amount.

3.

East Baton Rouge Parish is the appropriate venue to bring this complaint because the facts that give rise to Plaintiff's claims all took place within the parish

## FACTUAL ALLEGATIONS SURROUNDING OCTOBER 24, 2018

4.

On October 24, 2018, Steven Young (while sitting on his idle motorcycle) and Latrice Robinson were speaking to one another outside the apartment complex where they resided with an address of 11445 Bard Avenue.

5.

At approximately 2:52 P.M., JD1 and JD2, both officers with the BRPD, pulled up in a BRPD issued white Dodge Charger and accused Mr. Young of holding a marijuana blunt.

6.

Both JD1 and JD2 were working on duty, in their capacity, and within the course and scope of their employment, as a Baton Rouge Police Officer.

7.

It is believed that both officers are members of the "Street Crimes Unit," which is composed of members of the Baton Rouge Police Department. Duties of the "Street Crimes Unit include patrolling and policing designated "high-crime" areas.

8.

JD1 and JD2's reaction to a citizen allegedly possessing a small amount of marijuana for personal use (which the Baton Rouge Metro Council passed an ordinance allowing law enforcement officials to issue tickets for small amounts of marijuana) was so egregiously

2

aggressive that they tackled Mr. Young off of his motorcycle and knocked him into Ms. Robinson causing her to fall over and onto her small dog that she was holding.

9.

Immediately after JD1 and JD2 knocked Mr. Young off of his bike for possessing marijuana (that Mr. Young denies he possessed), the officers tackle him onto the cement pavement as he was attempting to gather himself.

10.

According to the BRPD Affidavit of Probable Cause for Mr. Young's arrest, Mr. Young attempted to flee on his motorcycle and then on foot. When officers tried to restrain Mr. Young, he fell to the ground, they tased him. JD1, JD2, and Mr. Young "actively fought" until back-up came.

11.

However, according to eye witness accounts, based on Mr. Young's position on his motorcycle it was impossible for him to escape.

12.

Furthermore, multiple cell-phone videos taken from concerned neighbors show JD1 and JD2 repeatedly pummeling Mr. Young in the face and body after being tased and handcuffed.

13.

Without any legal provocation or justification, JD1 and JD2 continued to assault Mr. Young while he was defenseless. This defenseless assault took place over several minutes while his neighbors recorded the incident, pleading with the officers to stop and showing their overall disgust for the behavior of JD1 and JD2.

14.

Ms. Robinson, who was not immediately detained, was able to go back into her apartment to retrieve a cell phone and video some of the incident involving Mr. Young.

15.

She is also heard on some of the recordings verbally expressing her displeasure as to how JD1 and JD2 were treating Mr. Young over a suspected marijuana blunt.

16.

Once back-up arrived, BRPD officers detained Ms. Robinson and arrested her for possession of marijuana and obstruction of justice.

17.

Ms. Robinson alleges her arrest was a result of her expressing opposition to how JD1 and JD2 were treating her friend, Mr. Young, not for any criminal wrong doing.

18.

Additionally, after the back-up arrived, a search of Mr. Young was conducted and a firearm was located. The firearm located on Mr. Young was not basis for the initial encounter with BRPD, nor was it discovered during their altercation.

19.

Mr. Young was arrested for Felon in Possession of a Firearm, Possession of Marijuana, Possession of a Firearm with a Controlled Dangerous Substance (marijuana), and Resisting an Officer with Force or Violence.

20.

Both Mr. Young and Ms. Robinson bonded out on their charges.

21.

BRPD officials indicated that the body-camera footage would show conflicting accounts to videos shot by the concerned neighbors of Mr. Young and Ms. Robinson. However, at the filing of this lawsuit (one-year after the incident), all requests to view such footage (both formal and informal) have been rejected.

22.

At the filing of this lawsuit, no prosecutorial body (Baton Rouge Parish Attorney, East Baton Rouge District Attorney, or the United States Attorney's Office) has brought any formal

From: Ashley Greenhouse    Fax: 18889009771         To: 2253693392@rcfax.com    Fax: (225) 389-3392         Page: 6 of 13    10/24/2019 10:28 PM

charges against either Mr. Young or Ms. Robinson.  This despite the alleged body-camera footage

in the custody of law enforcement that would clearly show the criminal behavior of the Plaintiffs.

23.

There was no legal cause to justify the detention and/or arrest of Mr. Young or Ms.

Robinson and the institution of the charges against them.

24.

There was no legal cause to justify the use of force against Mr. Young and Ms. Robinson,

and the force used against Mr. Young and Ms. Robinson was unreasonable and excessive.

25.

As a direct result and proximate result of the conduct of all Defendants, the Plaintiffs

suffered and continues to suffer extraordinary damages, including the prolonged loss of liberty,

emotional distress, and trauma, loss of the enjoyment of life, psychological harm, and pain and

suffering, some of which may be permanent, as well as financial losses.

**FACTUAL ALLEGATIONS SURROUNDING EMPLOYMENT, TRAINING,
SUPERVISION, AND DISCIPLINE OF DEFENDANTS JD1 AND JD2**

26.

The City of Baton Rouge utilizes and employs its own police department known as the

Baton Rouge Police Department (BRPD).  The Chief of BPRD at all relevant times before, during,

and after this incident was Chief Murphy Paul, making him the responsible decision maker and

policymaker for the BRPD.

27

The physical assault, misrepresentations, illegal search and conduct sued upon herein

occurred in the City of Baton Rouge, and in the exclusive territorial jurisdiction of the City of

Baton Rouge's Police Department.

28.

In Chief Paul's official capacity, he was and is responsible for adopting, implementing,

promulgating, and enforcing policies, customs, and practices pertaining to making arrest and

preserving peace in the City of Baton Rouge.

5

29.

Additionally, Chief Paul is responsible for the screening, hiring, disciplining, training, supervising, and the retraining of Baton Rouge Police Officers to ensure each police officer was and is qualified and properly trained to perform the duties and functions of a peace officer including making arrests, preserving the peace, and the constitutional use of force.

30.

Based on the extreme misconduct of JD1 and JD2 and upon information and belief, Defendants Paul and City of Baton Rouge did not properly examine and scrutinize the backgrounds of JD1 and JD2.

31.

Based on the extreme misconduct of Defendants JD1 and JD2 and upon information and belief, Defendants Paul and City of Baton Rouge did not properly train, supervise, and/or discipline Defendants JD1 and JD2 with regard to proper police practices.

32.

Upon information and belief, in willful reckless and callous disregard to Mr. Young and Ms. Robinson's rights under federal and state law, Defendants Paul and City of Baton Rouge did not have a use of force policy in place for the City of Baton Rouge at all relevant times.

33.

Upon information and belief, members of the "Street Crimes Unit" are given more latitude from the BRPD when it comes to the use of force (deadly or otherwise) than other police officers. This latitude extends to investigations and discipline of officers who are members of the "Street Crimes Unit." Officers who are part of the "Street Crimes Unit," who are investigated for excessive use of force are often cited for reduced or minor violations and are rarely recommended to the District Attorney for criminal prosecution.

34.

Defendants JD1 and JD2's extreme misconduct was a product of this environment and undertaken pursuant to de facto policies, practices, and/or customs—both written and unwritten—

of the BRPD and the City of Baton Rouge. Defendants Paul and City of Baton Rouge are guilty

of the following wrongful acts, including but not limited to:

1. Failing to properly hire, supervise, and train BRPD Officers;
2. Failing to reprimand and discipline BRPD Officers who engage in misconduct;
3. Failing to retrain and/or otherwise control BRPD Officers who engage in excessive force;
4. Failing to follow appropriate policies and procedures to address and correct repeated use of excessive force;
5. Failing and inadequately investigating complaints and allegations of excessive force and other misconduct by BRPD Officers;
6. Failing and inadequately investigating complaints and allegations of excessive force and other misconduct by members of the "Street Crimes Unit;"
7. Failing to retrain and otherwise control BRPD Officers who engage in excessive force and unjustified use of deadly force;
8. Failing to retrain and otherwise control members of the "Street Crimes Unit" who engage in excessive force and unjustified use of deadly force;
9. Failing to properly investigate allegations prior to issuing arrest warrants;
10. Tacitly approving of BRPD Officers using their power and position to interfere with other citizens' rights;
11. Tacitly approving of members of the "Street Crimes Unit" using their power and position to interfere with other citizens' rights;
12. As a matter of both policy and practice the City of Baton Rouge and the BRPD facilitating this type of misconduct by failing to protect civilians from reckless indifference of Defendant's City agents, servants, and employees in its Police Department; and
13. Allowing the practice and custom of a "police code of silence," resulting in BRPD Officers refusing to report instances of police misconduct of which they are aware.

35.

As a direct result and proximate result of the conduct of Defendants, the Plaintiffs suffered

and continue to suffer extraordinary damages, including the prolonged loss of liberty, emotional

distress, and trauma, loss of the enjoyment of life, psychological harm, and pain and suffering,

some of which may be permanent, as well as financial losses.

## CAUSES OF ACTION

### Count I

**Plaintiff v. Defendants JD1, JD2, and Defendant Paul**
**Federal Constitutional Claims**

36.

The actions of Defendants JD1, JD2, and Defendant Paul violated Plaintiffs' rights under

the Fourth and Fourteenth Amendments to be free from unlawful arrest, the unlawful use of force,

the manufacturing of false evidence and malicious prosecution.

## Count II

### Plaintiff v. Defendant Paul
### Federal Constitutional Claims

37.

The actions or inactions of Defendant Paul violated Plaintiffs rights under the Fourth and Fourteenth Amendments to the U.S. Constitution, directly or proximately causing the injuries suffered by Plaintiff due to Defendant Paul's failure to train, supervise, and discipline Defendants JD1 and JD2.

38.

The actions or inactions of Defendant Paul violated the Plaintiffs rights under the Fourth and Fourteenth Amendments to the U.S. Constitution directly or proximately, causing the injuries suffered by Plaintiff by creations of or failure to correct unconstitutional policies, practices, patterns, and/or customs.

## Count III

### Plaintiff v. Defendant City of Baton Rouge
### Federal Constitutional Claims

39.

The violations of Plaintiffs' constitutional rights under the Fourth and Fourteenth Amendments to the U.S. Constitution, Plaintiff's damages, and/or the conduct of the individual Defendants were directly and proximately caused by the actions and/or inactions of the Defendant City of Baton Rouge, which has encouraged, tolerated, ratified, and has been deliberately indifferent to the following policies, patterns, practices, and customs, and to the need for more or different training, supervision, investigation, or discipline in the areas of:

    a.  Legal cause to stop, detail, and/or arrest a citizen;

    b.  Legal cause to criminally charge a citizen;

    c.  Use of force by police officers;

    d.  Police officers' duties and responsibilities to engage in proper investigative techniques;

    e.  Failing to properly investigate allegations prior to issuing arrest warrants;

f.  The proper exercise of police powers, including not limited to the making of an arrest, the use of force, and the bringing of criminal charges;

g.  Police officers' duties not to fabricate charges against citizens;

h.  Police officer's duties not to manufacture evidence against citizens;

i.  Police officer's duties not to coerce suspects into false confessions;

j.  The monitoring of officers whom it knew or should have known were suffering from emotional and/or psychological problems that impaired their ability to function as officers;

k.  The failure to identify and take remedial or disciplinary action against police officers who were the subject of prior civilian or internal complaints of misconduct;

l.  Failing to retrain and/or otherwise control police officers who engage in excessive force;

m.  Failing to follow appropriate policies and procedures to address and correct repeated use of excessive force;

n.  Failing to investigate, or inadequately  investigating complaints and allegations of excessive force and other misconduct by members of the "Street Crimes Unit";

o.  Failing to retrain and otherwise control members of the "Street Crimes Unit" who engage in excessive force;

p.  The hiring and retention of officers who are unqualified for their employment positions;

q.  Police officers' use of their status as police officers to employ the use of force or to achieve ends not reasonably related to their police duties;

r.  The failure of police officers to follow established policies, procedures, directive, and instructions regarding arrests, use of force, and institution of criminal charges under such circumstances as presented by this case;

s.  The failure to properly sanction or discipline officers who are aware of and conceal and/or aid and abet violations of constitutional rights of citizens by other Baton Rouge police officers;

t.  The practice amongst Baton Rouge police officers of instituting false charges against individuals whom the officers have subjected to unlawful force with the intention of precluding such individuals from instituting civil claims; and

9

u.  As a matter of both policy and practice the City of Baton Rouge and the BRPD facilitating this type of misconduct by failing to protect civilians from reckless indifference of Defendant's City agents, servants, and employees in its Police Department;

## Count IV

### Plaintiff v. Defendants JD1 and JD2, Paul, and City of Baton Rouge
### State Law Claims

40.

Mr. Young and Ms. Robinson allege that the Defendants are responsible and liable under Louisiana Code of Civil Procedure Articles 2315 and 2317, which requires that every act whatever man that causes damage obligates him by whose fault it is to repair it; and individuals are responsible not only for damage occasioned by their own acts, but also for damage caused by acts of persons for whom the individual is answerable, or of the thing which the individual has in his custody.

41.

The actions and/or inactions of Defendants JD1 and JD2, under the law of the State of Louisiana, constitute the torts of:

a.  False Arrest;

b.  False Imprisonment;

c.  Aggravated Assault;

d.  Aggravated Battery;

e.  Intentional Infliction of Emotional Distress;

f.  Defamation;

g.  Malicious Prosecution;

h.  Intentional Misrepresentation;

i.  Abuse of Process.

42.

The actions and/or inactions of Defendants Paul and City of Baton Rouge, under the law of the State of Louisiana, constitute the torts of:

10

a.  False Arrest;

b.  False imprisonment;

c.  Aggravated Assault;

d.  Aggravated Battery;

e.  Intentional Infliction of Emotional Distress;

f.  Defamation;

g.  Malicious Prosecution;

h.  Intentional Misrepresentation;

i.  Negligent Hiring;

j.  Negligent Retention;

k.  Negligent Supervision;

l.  Abuse of Process.

## JURY TRIAL DEMAND

### 43.

Mr. Young and Ms. Robinson requests a trial by jury.

## PRAYER FOR RELIEF

### 44.

Mr. Young and Ms. Robinson respectfully requests:

a.  Compensatory damages as to all Defendants;

b.  Punitive damages as to Defendants JD1, JD2, Paul, City of Baton Rouge;

c.  Reasonable attorneys' fees and costs as to all Defendants;

d.  Such other and further relief as may appear just and appropriate

WHEREFORE, Steven Young and Latrice Robinson, prays that a copy of the above petition is served upon all of the Defendants named herein, and that after all proceedings a judgment is rendered in favor of Plaintiff and against Defendants for all relief deemed equitable under the law including attorney's fees and costs.

11

Ronald S. Haley, Jr. (#30900)
HALEY & ASSOCIATES
ATTORNEYS AT LAW, LLC
8211 Goodwood Blvd Suite E
Baton Rouge, LA 70806
Office: 225-663-8869
Facsimile: 888-900-9771
rhaley@ronaldhaleylawfirm.com
Attorney for Steven Young
Attorney of Latrice Robinson

Dedrick A. Moore (#30329)
DEDRICK A. MOORE
ATTORNEYS AT LAW, LLC
4962 Florida Blvd
Baton Rouge LA, 70806
Phone: (225) 412-0412
Fax: (225) 412-0414

Please Serve:

Chief Murphy Paul, John Doe Officer 1 and John Doe Officer 2
Baton Rouge Police Department
9000 Airline Highway
Baton Rouge, LA 70815

City of Baton Rouge
c/o Office of the Parish Attorney
Litigation Division
222 St. Louis Street, Room 902
Baton Rouge, LA 70802

From: Ashley Greenhouse    Fax: 18889009771    To: 2253893392@rcfax.com    Fax: (225) 389-3392    Page: 1 of 13    10/24/2019 10:28 PM

EAST BATON ROUGE PARISH
Filed Oct 24, 2019 10:39 AM    C-689746
Deputy Clerk of Court    25

# FAX

| Date: | 10/24/2019 |
|---|---|

| Pages including cover sheet: | 13 |
|---|---|

| To: | 2253893392@rcfax.com |
|---|---|
| | |
| | |
| | |
| | |
| | |
| Phone | |
| Fax Phone | (225) 389-3392 |

| From: | Ashley Greenhouse |
|---|---|
| | Haley and Associates |
| | 8211 Goodwood Blvd |
| | Baton Rouge |
| | LA          70806 |
| | |
| Phone | (225) 663-8869 * 108 |
| Fax Phone | 18889009771 |

| NOTE: |
|---|
| Steven Young v BRPD |

EAST BATON ROUGE PARISH    C-689746
Filed Oct 31, 2019 4:35 PM         25
Deputy Clerk of Court
FAX Received Oct 24, 2019

C-689746

STEVEN W. YOUNG AND LATRICE    *    NO.:          SECTION: 25
ROBINSON                        *
                                *    19TH JUDICIAL DISTRICT COURT
VS.                             *
                                *    STATE OF LOUISIANA
THE CITY OF BATON ROUGE,        *
CHIEF MURPHY PAUL,              *
JOHN DOE OFFICER 1, JOHN DOE    *    PARISH OF EAST BATON ROUGE
OFFICER 2, XYZ INSURANCE        *
COMPANY                         *
********************************************************************************

## PETITION FOR DAMAGES

NOW INTO COURT, through undersigned counsel, comes Plaintiffs, Steven Young and

Latrice Robinson, both persons of full age and of majority, resident and domicile of East

Baton Rouge Parish, respectfully represent the following:

### PARTIES

1.

Made Defendants herein are the following:

a) THE CITY OF BATON ROUGE, PARISH OF EAST BATON ROUGE, a local
government entity and body politically created by statute, being a municipality, and
political subdivision of the State of Louisiana, but not an agency, or department, or arm
of the State of Louisiana (hereinafter sometimes referred to as "City," "Parish," "City-
Parish," or "C-P"), and owns, operates, manages, directs, and controls the Baton Rouge
Police Department ("BRPD"), which employs Defendants John Doe Officer 1, John
Doe Officer 2, and Defendant Murphy Paul;

b) JOHN DOE OFFICER 1 (hereinafter referred to as "JD1"), an unnamed police officer
who at all relevant times to this complaint, an officer in the Baton Rouge Police
Department, is a person of full age and of majority, believed to be domiciled in East
Baton Rouge Parish. He is sued in his individual capacity;

c) JOHN DOE OFFICER 2 (hereinafter referred to as "JD2"), an unnamed police officer
who at all relevant times to this complaint, an officer in the Baton Rouge Police
Department, is a person of full age and of majority, believed to be domiciled in East
Baton Rouge Parish. He is sued in his individual capacity;

d) CHIEF MURPHY PAUL, is and was at all relevant times, the Chief of BRPD, a person
of full age and majority domiciled in East Baton Rouge Parish. He is sued in both his
individual and official capacity;

e) XYZ INSURANCE COMPANY, an insurance company authorized to do, and doing
business in the State of Louisiana providing general liability coverage and/or Excess
of Loss Coverage for Chief Paul, JD1 and JD2 and/or City of Baton Rouge and the
Baton Rouge Police Department for any and all acts and damages occurring from this
incident and all EXCESS DAMAGE CLAIMS, incurred in the City of Baton Rouge
on behalf of all named Defendants.

f) At all times relevant to this complaint, all defendants acted in concert and conspiracy
and were jointly and severally responsible for the harms caused to plaintiff.

g) At all times to this Complaint, all defendants acted under the color of state law.

## JURISDICTION AND VENUE

2.

The 19th Judicial District Court has jurisdiction over this matter due to the jurisdictional amount.

3.

East Baton Rouge Parish is the appropriate venue to bring this complaint because the facts that give rise to Plaintiff's claims all took place within the parish

## FACTUAL ALLEGATIONS SURROUNDING OCTOBER 24, 2018

4.

On October 24, 2018, Steven Young (while sitting on his idle motorcycle) and Latrice Robinson were speaking to one another outside the apartment complex where they resided with an address of 11445 Bard Avenue.

5.

At approximately 2:52 P.M., JD1 and JD2, both officers with the BRPD, pulled up in a BRPD issued white Dodge Charger and accused Mr. Young of holding a marijuana blunt.

6.

Both JD1 and JD2 were working on duty, in their capacity, and within the course and scope of their employment, as a Baton Rouge Police Officer.

7.

It is believed that both officers are members of the "Street Crimes Unit," which is composed of members of the Baton Rouge Police Department. Duties of the "Street Crimes Unit include patrolling and policing designated "high-crime" areas.

8.

JD1 and JD2's reaction to a citizen allegedly possessing a small amount of marijuana for personal use (which the Baton Rouge Metro Council passed an ordinance allowing law

aggressive that they tackled Mr. Young off of his motorcycle and knocked him into Ms. Robinson

causing her to fall over and onto her small dog that she was holding.

9.

Immediately after JD1 and JD2 knocked Mr. Young off of his bike for possessing

marijuana (that Mr. Young denies he possessed), the officers tackle him onto the cement pavement

as he was attempting to gather himself.

10.

According to the BRPD Affidavit of Probable Cause for Mr. Young's arrest, Mr. Young

attempted to flee on his motorcycle and then on foot. When officers tried to restrain Mr. Young,

he fell to the ground, they tased him. JD1, JD2, and Mr. Young "actively fought" until back-up

came.

11.

However, according to eye witness accounts, based on Mr. Young's position on his

motorcycle it was impossible for him to escape.

12.

Furthermore, multiple cell-phone videos taken from concerned neighbors show JD1 and

JD2 repeatedly pummeling Mr. Young in the face and body after being tased and handcuffed.

13.

Without any legal provocation or justification, JD1 and JD2 continued to assault Mr.

Young while he was defenseless. This defenseless assault took place over several minutes while

his neighbors recorded the incident, pleading with the officers to stop and showing their overall

disgust for the behavior of JD1 and JD2.

14.

Ms. Robinson, who was not immediately detained, was able to go back into her apartment

to retrieve a cell phone and video some of the incident involving Mr. Young.

She is also heard on some of the recordings verbally expressing her displeasure as to how JD1 and JD2 were treating Mr. Young over a suspected marijuana blunt.

16.

Once back-up arrived, BRPD officers detained Ms. Robinson and arrested her for possession of marijuana and obstruction of justice.

17.

Ms. Robinson alleges her arrest was a result of her expressing opposition to how JD1 and JD2 were treating her friend, Mr. Young, not for any criminal wrong doing.

18.

Additionally, after the back-up arrived, a search of Mr. Young was conducted and a firearm was located.  The firearm located on Mr. Young was not basis for the initial encounter with BRPD, nor was it discovered during their altercation.

19.

Mr. Young was arrested for Felon in Possession of a Firearm, Possession of Marijuana, Possession of a Firearm with a Controlled Dangerous Substance (marijuana), and Resisting an Officer with Force or Violence.

20.

Both Mr. Young and Ms. Robinson bonded out on their charges.

21.

BRPD officials indicated that the body-camera footage would show conflicting accounts to videos shot by the concerned neighbors of Mr. Young and Ms. Robinson.  However, at the filing of this lawsuit (one-year after the incident), all requests to view such footage (both formal and informal) have been rejected.

22.

At the filing of this lawsuit, no prosecutorial body (Baton Rouge Parish Attorney, East

charges against either Mr. Young or Ms. Robinson. This despite the alleged body-camera footage in the custody of law enforcement that would clearly show the criminal behavior of the Plaintiffs.

23.

There was no legal cause to justify the detention and/or arrest of Mr. Young or Ms. Robinson and the institution of the charges against them.

24.

There was no legal cause to justify the use of force against Mr. Young and Ms. Robinson, and the force used against Mr. Young and Ms. Robinson was unreasonable and excessive.

25.

As a direct result and proximate result of the conduct of all Defendants, the Plaintiffs suffered and continues to suffer extraordinary damages, including the prolonged loss of liberty, emotional distress, and trauma, loss of the enjoyment of life, psychological harm, and pain and suffering, some of which may be permanent, as well as financial losses.

**FACTUAL ALLEGATIONS SURROUNDING EMPLOYMENT, TRAINING, SUPERVISION, AND DISCIPLINE OF DEFENDANTS JD1 AND JD2**

26.

The City of Baton Rouge utilizes and employs its own police department known as the Baton Rouge Police Department (BRPD). The Chief of BPRD at all relevant times before, during, and after this incident was Chief Murphy Paul, making him the responsible decision maker and policymaker for the BRPD.

27

The physical assault, misrepresentations, illegal search and conduct sued upon herein occurred in the City of Baton Rouge, and in the exclusive territorial jurisdiction of the City of Baton Rouge's Police Department.

28.

In Chief Paul's official capacity, he was and is responsible for adopting, implementing,

29.

Additionally, Chief Paul is responsible for the screening, hiring, disciplining, training, supervising, and the retraining of Baton Rouge Police Officers to ensure each police officer was and is qualified and properly trained to perform the duties and functions of a peace officer including making arrests, preserving the peace, and the constitutional use of force.

30.

Based on the extreme misconduct of JD1 and JD2 and upon information and belief, Defendants Paul and City of Baton Rouge did not properly examine and scrutinize the backgrounds of JD1 and JD2.

31.

Based on the extreme misconduct of Defendants JD1 and JD2 and upon information and belief, Defendants Paul and City of Baton Rouge did not properly train, supervise, and/or discipline Defendants JD1 and JD2 with regard to proper police practices.

32.

Upon information and belief, in willful reckless and callous disregard to Mr. Young and Ms. Robinson's rights under federal and state law, Defendants Paul and City of Baton Rouge did not have a use of force policy in place for the City of Baton Rouge at all relevant times.

33.

Upon information and belief, members of the "Street Crimes Unit" are given more latitude from the BRPD when it comes to the use of force (deadly or otherwise) than other police officers. This latitude extends to investigations and discipline of officers who are members of the "Street Crimes Unit." Officers who are part of the "Street Crimes Unit," who are investigated for excessive use of force are often cited for reduced or minor violations and are rarely recommended to the District Attorney for criminal prosecution.

34.

Defendants JD1 and JD2's extreme misconduct was a product of this environment and

of the BRPD and the City of Baton Rouge.  Defendants Paul and City of Baton Rouge are guilty

of the following wrongful acts, including but not limited to:

1. Failing to properly hire, supervise, and train BRPD Officers;
2. Failing to reprimand and discipline BRPD Officers who engage in misconduct;
3. Failing to retrain and/or otherwise control BRPD Officers who engage in excessive force;
4. Failing to follow appropriate policies and procedures to address and correct repeated use of excessive force;
5. Failing and inadequately investigating complaints and allegations of excessive force and other misconduct by BRPD Officers;
6. Failing and inadequately investigating complaints and allegations of excessive force and other misconduct by members of the "Street Crimes Unit;"
7. Failing to retrain and otherwise control BRPD Officers who engage in excessive force and unjustified use of deadly force;
8. Failing to retrain and otherwise control members of the "Street Crimes Unit" who engage in excessive force and unjustified use of deadly force;
9. Failing to properly investigate allegations prior to issuing arrest warrants;
10. Tacitly approving of BRPD Officers using their power and position to interfere with other citizens' rights;
11. Tacitly approving of members of the "Street Crimes Unit" using their power and position to interfere with other citizens' rights;
12. As a matter of both policy and practice the City of Baton Rouge and the BRPD facilitating this type of misconduct by failing to protect civilians from reckless indifference of Defendant's City agents, servants, and employees in its Police Department; and
13. Allowing the practice and custom of a "police code of silence," resulting in BRPD Officers refusing to report instances of police misconduct of which they are aware.

35.

As a direct result and proximate result of the conduct of Defendants, the Plaintiffs suffered

and continue to suffer extraordinary damages, including the prolonged loss of liberty, emotional

distress, and trauma, loss of the enjoyment of life, psychological harm, and pain and suffering,

some of which may be permanent, as well as financial losses.

## CAUSES OF ACTION

### Count I

### Plaintiff v. Defendants JD1, JD2, and Defendant Paul
### Federal Constitutional Claims

36.

The actions of Defendants JD1, JD2, and Defendant Paul violated Plaintiffs' rights under

the Fourth and Fourteenth Amendments to be free from unlawful arrest, the unlawful use of force

## Count II

### Plaintiff v. Defendant Paul
### Federal Constitutional Claims

37.

The actions or inactions of Defendant Paul violated Plaintiffs rights under the Fourth and Fourteenth Amendments to the U.S. Constitution, directly or proximately causing the injuries suffered by Plaintiff due to Defendant Paul's failure to train, supervise, and discipline Defendants JD1 and JD2.

38.

The actions or inactions of Defendant Paul violated the Plaintiffs rights under the Fourth and Fourteenth Amendments to the U.S. Constitution directly or proximately, causing the injuries suffered by Plaintiff by creations of or failure to correct unconstitutional policies, practices, patterns, and/or customs.

## Count III

### Plaintiff v. Defendant City of Baton Rouge
### Federal Constitutional Claims

39.

The violations of Plaintiffs' constitutional rights under the Fourth and Fourteenth Amendments to the U.S. Constitution, Plaintiff's damages, and/or the conduct of the individual Defendants were directly and proximately caused by the actions and/or inactions of the Defendant City of Baton Rouge, which has encouraged, tolerated, ratified, and has been deliberately indifferent to the following policies, patterns, practices, and customs, and to the need for more or different training, supervision, investigation, or discipline in the areas of:

    a.  Legal cause to stop, detail, and/or arrest a citizen;

    b.  Legal cause to criminally charge a citizen;

    c.  Use of force by police officers;

    d.  Police officers' duties and responsibilities to engage in proper investigative techniques;

f.  The proper exercise of police powers, including not limited to the making of an arrest, the use of force, and the bringing of criminal charges;

g.  Police officers' duties not to fabricate charges against citizens;

h.  Police officer's duties not to manufacture evidence against citizens;

i.  Police officer's duties not to coerce suspects into false confessions;

j.  The monitoring of officers whom it knew or should have known were suffering from emotional and/or psychological problems that impaired their ability to function as officers;

k.  The failure to identify and take remedial or disciplinary action against police officers who were the subject of prior civilian or internal complaints of misconduct;

l.  Failing to retrain and/or otherwise control police officers who engage in excessive force;

m.  Failing to follow appropriate policies and procedures to address and correct repeated use of excessive force;

n.  Failing to investigate, or inadequately   investigating complaints and allegations of excessive force and other misconduct by members of the "Street Crimes Unit";

o.  Failing to retrain and otherwise control members of the "Street Crimes Unit" who engage in excessive force;

p.  The hiring and retention of officers who are unqualified for their employment positions;

q.  Police officers' use of their status as police officers to employ the use of force or to achieve ends not reasonably related to their police duties;

r.  The failure of police officers to follow established policies, procedures, directive, and instructions regarding arrests, use of force, and institution of criminal charges under such circumstances as presented by this case;

s.  The failure to properly sanction or discipline officers who are aware of and conceal and/or aid and abet violations of constitutional rights of citizens by other Baton Rouge police officers;

t.  The practice amongst Baton Rouge police officers of instituting false charges against individuals whom the officers have subjected to unlawful force with the intention of

u.   As a matter of both policy and practice the City of Baton Rouge and the BRPD facilitating this type of misconduct by failing to protect civilians from reckless indifference of Defendant's City agents, servants, and employees in its Police Department;

## Count IV

### Plaintiff v. Defendants JD1 and JD2, Paul, and City of Baton Rouge
### State Law Claims

40.

Mr. Young and Ms. Robinson allege that the Defendants are responsible and liable under Louisiana Code of Civil Procedure Articles 2315 and 2317, which requires that every act whatever man that causes damage obligates him by whose fault it is to repair it; and individuals are responsible not only for damage occasioned by their own acts, but also for damage caused by acts of persons for whom the individual is answerable, or of the thing which the individual has in his custody.

41.

**The actions and/or inactions of Defendants JD1 and JD2, under the law of the State of Louisiana, constitute the torts of:**

a.   False Arrest;

b.   False imprisonment;

c.   Aggravated Assault;

d.   Aggravated Battery;

e.   Intentional Infliction of Emotional Distress;

f.   Defamation;

g.   Malicious Prosecution;

h.   Intentional Misrepresentation;

i.   Abuse of Process.

42.

The actions and/or inactions of Defendants Paul and City of Baton Rouge, under the

a.  False Arrest;

b.  False imprisonment;

c.  Aggravated Assault;

d.  Aggravated Battery;

e.  Intentional Infliction of Emotional Distress;

f.  Defamation;

g.  Malicious Prosecution;

h.  Intentional Misrepresentation;

i.  Negligent Hiring;

j.  Negligent Retention;

k.  Negligent Supervision;

l.  Abuse of Process.


## JURY TRIAL DEMAND

### 43.

Mr. Young and Ms. Robinson requests a trial by jury.


## PRAYER FOR RELIEF

### 44.

Mr. Young and Ms. Robinson respectfully requests:

a.  Compensatory damages as to all Defendants;

b.  Punitive damages as to Defendants JD1, JD2, Paul, City of Baton Rouge;

c.  Reasonable attorneys' fees and costs as to all Defendants;

d.  Such other and further relief as may appear just and appropriate

WHEREFORE, Steven Young and Latrice Robinson, prays that a copy of the above petition is served upon all of the Defendants named herein, and that after all proceedings a judgment is rendered in favor of Plaintiff and against Defendants for all relief deemed equitable under the law including attorney's fees and costs.

Ronald S. Haley, Jr. (#30900)
HALEY & ASSOCIATES
ATTORNEYS AT LAW, LLC
8211 Goodwood Blvd Suite E
Baton Rouge, LA 70806
Office: 225-663-8869
Facsimile: 888-900-9771
rhaley@ronaldhaleylawfirm.com
Attorney for Steven Young
Attorney of Latrice Robinson

Dedrick A. Moore (#30329)
DEDRICK A. MOORE
ATTORNEYS AT LAW, LLC
4962 Florida Blvd
Baton Rouge LA, 70806
Phone: (225) 412-0412
Fax: (225) 412-0414

Please Serve:

Chief Murphy Paul, John Doe Officer 1 and John Doe Officer 2
Baton Rouge Police Department
9000 Airline Highway
Baton Rouge, LA 70815

City of Baton Rouge
c/o Office of the Parish Attorney
Litigation Division
222 St. Louis Street, Room 902
Baton Rouge, LA 70802

EAST BATON ROUGE PARISH C-689746
Filed Oct 31, 2019 4:35 PM     25
Deputy Clerk of Court
FAX Received Oct 24, 2019

Steven Young, et al.                    *       19th JUDICIAL DISTRICT COURT

**VERSUS**                               *       DOCKET NUMBER C-689746 Div. 25

City of Baton Rouge, et al.             *       EAST BATON ROUGE PARISH, LOUISIANA

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## In Forma Pauperis Affidavit

### All questions must be answered in full.

**Note:** Questions 2 and 3 should not be filled in if you are seeking protection from abuse.

1. **Your Full Name:** Steven Young

   Social Security Number (Optional): ____2373    Date of Birth: 7/6/76

   Age: 43    Sex: M

2. **Address:** 4911 Winnebago St Baton Rouge LA 70805
   (Box Number or Street Address)    (City and State)    (Zip Code)
   (See Note above)

3. **Telephone Number(s):** (HOME) 225) 428-5169    (WORK) _____
   (See Note above)

4. **Are you a Student?** [ ] YES [✓] NO   If yes, please indicate the name of the school you
   are attending: _____    Enrollment Status: _____

5. **Current Household:**
   Single: [✓] Married: [ ] Separated: [ ] Divorced: [ ] Widowed: [ ] Intimate partner: [ ]
   How many children do you support who are under 18? _____
   How many children live with you? _____   Do you have any other dependents? _____
   State the Name, Age and Relationship to you of the children and dependents:

   | NAME | AGE | RELATIONSHIP |
   |---|---|---|
   |  |  |  |
   |  |  |  |
   |  |  |  |
   |  |  |  |

6. **What is your current Occupation?** _____ **Are you employed?** [ ] YES [✓] NO
   (If yes, please complete the following **Employer Information**)
   Name of Employer: _____
   Address: _____
   (Street Address)    (City and State)    (Zip Code)
   Telephone Number: _____   How long have you been employed? _____

   (If you are not employed, please provide information of your **last employer**)
   Name of last employer: _____
   Address: _____
   (Street Address)    (City and State)    (Zip Code)
   How long have you been unemployed? _____
   What were your monthly wages? _____

7. **Gross Income:** (a) State your gross earned income from wages and how you are paid:
   Weekly? [ ] Bi-Weekly? [ ] Monthly? [ ]    Amount/month $ 0

   (b) Apart from income or support listed in response to question 8(b) below, how much other
   income do you receive on a monthly basis?    $ 0

   (c) Monthly Deductions: Federal Income Tax: $ 0   FICA: $ 0    $ 0

   (d) Other deductions: (explain) _____

   **TOTAL NET MONTHLY INCOME: (Add question 7 (a) + (b) less (c))**    $ 0

Revised October 2003

RECEIVED

November 06, 2019

DIVISION O

**8(a).** If you are married and live with a spouse, please answer:
Is your spouse employed?_____ What is the occupation of your spouse?_____
Is your spouse paid Weekly? ☐ Bi-Weekly? ☐ Monthly? ☐ Amount/month $_____
Name of spouse's employer:_____
Address:_____
      (Street Address)         (City and State)         (Zip Code)
Telephone Number:_____ How long has spouse been employed?_____

**8(b).** Do you or your spouse receive any of the following income or support? ☐ YES ☐ NO
  If yes, state the monthly amount.  SSI: $_____  Disability: $_____
  Worker's Comp: $_____  Unemployment Benefits: $_____
  Food Stamps: $ *197*  TANF: $_____  Child Support: $_____
  Spousal Support: $_____  Kinship Care Subsidy Grant: $_____  Other: $_____

**If you are a client of a legal services program funded by the Legal Service Corporation or a Pro Bono Project that receives referrals from a legal services program and have a combined income from questions 7 and 8 that is less than or equal to 125% of the federal poverty level, skip all parts of question 9, and continue with question 10 on the next page.**

**9.** Do you own or have an interest in any of the following? (Including community property)
**A.**

| | VALUE OF INTEREST | BALANCE OWED |
|---|---|---|
| HOUSE | $ 0 | $ |
| AUTOMOBILE | $ 0 | $ |
| TRUCK | $ 0 | $ |
| WATERCRAFT | $ 0 | $ |
| LIVESTOCK | $ 0 | $ |
| MACHINERY | $ 0 | $ |
| STOCK | $ 0 | |
| BONDS | $ 0 | |
| CERTIFICATES OF DEPOSIT | $ 0 | |
| OTHER IMMOVABLE PROPERTY | Equity $ 0 | Debt $ |

DO YOU HAVE A BANK ACCOUNT(S)? ☐ YES ☐ NO  Amount in account(s): $ 0
☐ CHECKING ☐ SAVINGS  Name and Location of Bank:_____
**TOTAL VALUE OF ASSETS: $** 0

**B. i. List your Monthly Expenses:**

| | | |
|---|---|---|
| Rent: $ 0 | Cable: $ 0 | Car Note: $ 0 |
| Lot Rent: $ 0 | Garbage: $ 0 | Car Insurance: $ 0 |
| House Note: $ 0 | Medical Insurance: $ 0 | Transportation: $ 0 |
| House Insurance: $ 0 | Medical Expenses: $ 0 | Food: $ *Food Stamps* |
| Gas: $ 0 | Dental Expenses: $ 0 | Barber/ Beauty: $ 0 |
| Electricity: $ 0 | Prescriptions: $ 0 | Entertainment: $ 0 |
| Water: $ 0 | Life Insurance: $ 0 | Grooming Supplies: $ 0 |
| Telephone: $ 50 | Daycare: $ 0 | Garnishment: $ 0 |
| Property Taxes: $ 0 | Child Support: $ *650/mo* | Other: $ 0 |

**Total Amount of section i:** $ 700

**ii. Credit cards:** (List type of card and monthly payment)

| Card Name | Monthly Payment |
|---|---|
| | $ |
| | $ |
| | $ |
| | $ |

**Total Amount of section ii:** $_____

**iii. Financial Loans:** (List the financial institution and your monthly payment)

| Financial Name | Monthly Payment |
|---|---|
| | |
| | |
| | |

**Total Amount of section iii:** $_____

**TOTAL MONTHLY EXPENSES:** (Add 9B (i+ii+iii) =Total Monthly Expenses)  $ 700

**10. Does anyone regularly help you pay your expenses?**  ☐ YES ☑ NO
(a) If yes, state that person's name and relationship to you.
   Name: _____ Relationship: _____
(b) Do you have any additional income or assets that are not shown above? ☐ YES ☑ NO
   **If you answered yes to either (a) or (b), please explain:**

_____
_____
_____

**11. If you have an attorney, what arrangements have you made to pay your attorney's fee? What amount, if any, have you paid?** (You are required to answer fully.)

_____
_____

**12. Has your attorney or the Notary Public told you that you may go to jail if you intentionally give a false answer to any of the above questions?** ☐ YES ☐ NO

## MOVER'S AFFIDAVIT

**STATE OF LOUISIANA**
**PARISH OF** East Baton Rouge

BEFORE ME the undersigned authority personally came and appeared:

Steven Young

who, after being duly sworn, deposed and said:

1. He/She provided the information above; that the information is furnished to the court for the purpose of requesting permission to litigate the above captioned lawsuit without paying the costs in advance or as they accrue or furnishing security therefor.

2. That the above information is a true and correct statement of his/her financial condition.

3. That the pleading and all allegations of fact therein are true and correct; and that because of his/her poverty and want of means, he/she is unable to pay the costs of court in advance or as they accrue, nor is he/she able to provide security therefor.

4. He/She has read and understands the privilege contained in the notice below.

## NOTICE

Although you may be granted the privilege of proceeding without prepayment of costs, **SHOULD JUDGMENT BE RENDERED AGAINST YOU, YOUR STATUS AS A PAUPER DOES NOT RELIEVE YOU OF THE OBLIGATION TO PAY THESE COSTS.**

The privilege to proceed *IN FORMA PAUPERIS* is restricted to litigants who are clearly entitled to do so, with due regard to the nature of the proceeding, the court costs which otherwise would have to be paid, and the ability of the litigant to pay them or to furnish security therefor, so that the indiscriminate filing of lawsuits may be discouraged, without depriving a litigant of the benefit of proceeding *in forma pauperis* if he/she is entitled to do so.

_____
Mover's Signature

SWORN TO AND SUBSCRIBED BEFORE ME, a Notary Public in Baton Rouge
Louisiana, this 30 day of October, 2009.

_____
NOTARY PUBLIC   LA BAR # 39900
Comm exp @ death
Ronald Haley, JR.

## THIRD PARTY AFFIDAVIT

STATE OF LOUISIANA
PARISH OF *East Baton Rouge*

BEFORE ME, personally came and appeared: *Barbara Pero*
who, after being sworn, deposed and said that he/she knows *Steven Young*
well and that he/she knows that because of his/her poverty and want of means, he/she is unable
to pay the costs of court in advance or as they accrue, nor is he/she able to provide bond therefor.

*Barbara G. Pero*
Signature of Witness

SWORN TO AND SUBSCRIBED BEFORE ME, a Notary Public in *Baton Rouge*
Louisiana, this *30* day of *October*, 200 *9*.

NOTARY PUBLIC
*LA BAR # 30902*
*comm exp @ death*
*Ronald Haley, JR.*

## LEGAL SERVICE PROGRAMS' DECLARATION

I ATTEST that I am a duly authorized representative of a Legal Services Program funded
by the Legal Service Corporation or a Pro Bono Project that receives referrals from one of these
Legal Service Programs, and that _____ has produced evidence
that he/she receives public assistance benefits, or that he/she has qualified to receive free legal
services based on his/her income being less than or equal to 125% of the federal poverty level
and therefore is entitled to a rebuttable presumption that he/she is entitled to the privilege of
litigating without prior payment of costs.

_____
Legal Services Program or Pro Bono Project Representative

## ORDER

Considering the foregoing Pleading and Affidavits:
let **STEVEN YOUNG**_____ prosecute or defend this litigation in accordance with
Louisiana Code of Civil Procedure, Article 5181, et. seq., without paying the costs in advance or
as they accrue or furnishing security therefor.

THUS, READ AND SIGNED, this **07**_____ day of **November**_____, 200**2019**_, in
Baton Rouge_____, Louisiana.

_____
DISTRICT JUDGE
WILSON E. FIELDS

RECEIVED

November 06, 2019

DIVISION O
JUDGE FIELDS

15b

**SERVICE COPY**



**D3249224**

# CITATION

**STEVEN W. YOUNG, ET AL**
(Plaintiff)

**NUMBER C-689746   SEC. 25**

**19th JUDICIAL DISTRICT COURT**

**VS**

**PARISH OF EAST BATON ROUGE**

**THE CITY OF BATON ROUGE , ET AL**
(Defendant)

**STATE OF LOUISIANA**

TO:    **THE CITY OF BATON ROUGE**
        **C/O OFFICE OF THE PARISH ATTORNEY**
        **LITIGATION DIVISION, 222 ST. LOUIS STREET, ROOM 902**
        **BATON ROUGE,  LA 70802**

GREETINGS:

         Attached to this citation is a certified copy of the petition*.  The petition tells you what you are being
sued for.
         You must EITHER do what the petition asks OR, within fifteen (15) days after you have received
these documents, you must file an answer or other legal pleading in the office of the Clerk of Court at
300 North Boulevard, Baton Rouge, Louisiana.  If you do not do what the petition asks, or if you do not file
an answer or legal pleading within fifteen (15) days, a judgment may be rendered against you without further
notice.
         This citation was issued by the Clerk of Court for East Baton Rouge Parish on **NOVEMBER 26,**
**2019.**

*Kodie Vincent*

*Deputy Clerk of Court for*
**Doug Welborn, Clerk of Court**

**Requesting Attorney: HALEY, RONALD S**
                **(225) 663-8869**

*The following documents are attached:
PETITION FOR DAMAGES

_____

**SERVICE INFORMATION:**

Received on the _____ day of _____, 20____ and on the _____ day of _____, 20_____, served on the above named party as
follows:
PERSONAL SERVICE: On the party herein named at _____.

DOMICILIARY SERVICE: On the within named _____, by leaving the same at his domicile in this parish in the hands of
_____, a person of suitable age and discretion residing in the said domicile at _____.

SECRETARY OF STATE: By tendering same to the within named, by handing same to _____

**RETURN COPY**



D3249224

## CITATION

STEVEN W. YOUNG, ET AL
(Plaintiff)

NUMBER C-689746   SEC. 25

VS

19th JUDICIAL DISTRICT COURT

THE CITY OF BATON ROUGE , ET AL
(Defendant)

PARISH OF EAST BATON ROUGE

STATE OF LOUISIANA

TO:   THE CITY OF BATON ROUGE
       C/O OFFICE OF THE PARISH ATTORNEY
       LITIGATION DIVISION, 222 ST. LOUIS STREET, ROOM 902
       BATON ROUGE,  LA 70802

GREETINGS:

Attached to this citation is a certified copy of the petition*.  The petition tells you what you are being sued for.

You must EITHER do what the petition asks OR, within fifteen (15) days after you have received these documents, you must file an answer or other legal pleading in the office of the Clerk of Court at 300 North Boulevard, Baton Rouge, Louisiana.  If you do not do what the petition asks, or if you do not file an answer or legal pleading within fifteen (15) days, a judgment may be rendered against you without further notice.

This citation was issued by the Clerk of Court for East Baton Rouge Parish on **NOVEMBER 26, 2019.**

*Deputy Clerk of Court for*
**Doug Welborn, Clerk of Court**

Requesting Attorney: HALEY, RONALD S
                    (225) 663-8869

*The following documents are attached:
**PETITION FOR DAMAGES**

**SERVICE INFORMATION:**

Received on the _9_ day of _Dec_, 20_19_ and on the _9_ day of _Dec_, 20_19_, served on the above named party as follows:
PERSONAL SERVICE: On the party herein named at _Dept. of the Theda_

DOMICILIARY SERVICE: On the within named _____, by leaving the same at his domicile in this parish in the hands of _____, a person of suitable age and discretion residing in the said domicile at _____.

SECRETARY OF STATE: By tendering same to the within named, by handing same to _____

DUE AND DILIGENT:   After diligent search and inquiry, was unable to find the within named _____ or his domicile, or anyone legally authorized to represent him.

RETURNED: Parish of East Baton Rouge, this _9_ day of _Dec_, 20_19_

SERVICE:$_____
MILEAGE$_____
TOTAL:   $_____

Deputy Sheriff
Parish of East Baton Rouge

**RECEIVED**
DEC 09 2019
E.B.R. SHERIFF'S OFFICE

CITATION-2000

**RETURN COPY**



D3249224

## CITATION

STEVEN W. YOUNG, ET AL
(Plaintiff)

NUMBER C-689746   SEC. 25

VS

19th JUDICIAL DISTRICT COURT

THE CITY OF BATON ROUGE , ET AL
(Defendant)

PARISH OF EAST BATON ROUGE

STATE OF LOUISIANA

TO:   THE CITY OF BATON ROUGE
     C/O OFFICE OF THE PARISH ATTORNEY
     LITIGATION DIVISION, 222 ST. LOUIS STREET, ROOM 902
     BATON ROUGE,  LA 70802

GREETINGS:

    Attached to this citation is a certified copy of the petition*.  The petition tells you what you are being sued for.

    You must EITHER do what the petition asks OR, within fifteen (15) days after you have received these documents, you must file an answer or other legal pleading in the office of the Clerk of Court at 300 North Boulevard, Baton Rouge, Louisiana.  If you do not do what the petition asks, or if you do not file an answer or legal pleading within fifteen (15) days, a judgment may be rendered against you without further notice.

    This citation was issued by the Clerk of Court for East Baton Rouge Parish on **NOVEMBER 26, 2019.**

*Kodie Vincent*

Deputy Clerk of Court for
**Doug Welborn, Clerk of Court**

Requesting Attorney: HALEY, RONALD S
(225) 663-8869

*The following documents are attached:
PETITION FOR DAMAGES

**SERVICE INFORMATION:**

Received on the _9_ day of _Dec_, 20_19_ and on the _9_ day of _Dec_, 20_19_, served on the above named party as follows:
PERSONAL SERVICE: On the party herein named at _Dupondouche of Theda_

DOMICILIARY SERVICE: On the within named _____, by leaving the same at his domicile in this parish in the hands of _____, a person of suitable age and discretion residing in the said domicile at _____.

SECRETARY OF STATE: By tendering same to the within named, by handing same to _____

DUE AND DILIGENT:   After diligent search and inquiry, was unable to find the within named _____ or his domicile, or anyone legally authorized to represent him.

RETURNED: Parish of East Baton Rouge, this _9_ day of _Dec_, 20_19_

SERVICE:$ _____
MILEAGE$ _____
TOTAL:   $ _____

Deputy Sheriff
Parish of East Baton Rouge

**RECEIVED**
**DEC 0 9 2019**
E.B.R. SHERIFF'S OFFICE

CITATION-2000

EAST BATON ROUGE PARISH    C-689746
Filed Dec 23, 2019 12:42 PM        25
Deputy Clerk of Court

19TH JUDICIAL DISTRICT COURT
PARISH OF EAST BATON ROUGE
STATE OF LOUISIANA

STEVEN W. YOUNG AND LATRICE
ROBINSON

DOCKET NO.: C-689746

V.

THE CITY OF BATON ROUGE,
CHIEF MURPHY PAUL,
JOHN DOE OFFICER 1, JOHN DOE
OFFICER 2, XYZ INSURANCE
COMPANY

SECTION: "25"

<u>DECLINATORY EXCEPTION OF INSUFFICIENCY OF SERVICE OF PROCESS</u>

NOW INTO COURT, through undersigned counsel, comes the City of Baton

Rouge/Parish of East Baton Rouge ("City/Parish"),  appearing solely for the purpose of this

declinatory exception under La. C.C.P. art. 925(A)(2), and excepts to the *Petition for Damages*

by the plaintiffs, Steven W. Young and Latrice Robinson ("Plaintiffs"), on the following

grounds:

1.

Plaintiffs attempted service upon the City/Parish through the East Baton Rouge Parish

Attorney's Office ("Parish Attorney's Office") on December 9, 2019.

2.

The Parish Attorney's Office is not a representative or agent of the City/Parish or the

Commission for purposes of service of process pursuant to La. C.C.P. art. 1265 and La. R.S.

13:5107.

3.

As a result of Plaintiff's insufficient service of process, the City/Parish has not been

properly been served with this lawsuit in accordance with La. C.C.P. art. 1231, *et seq.*

4.

The City/Parish has not appeared in connection with this lawsuit, and as a result, has not

waived its right to this declinatory exception.

WHEREFORE, the City/Parish prays that this declinatory exception be maintained, and

that Plaintiffs' suit be dismissed without prejudice.   A memorandum in support of this exception

is attached.

*[SIGNATURE BLOCK ON FOLLOWING PAGE]*

RESPECTFULLY SUBMITTED:
ANDERSON O. "ANDY" DOTSON, III
PARISH ATTORNEY

Jeffrey G. Rice (#23271)
**Sr. Special Assistant Parish Attorney**
**Michael P. Schillage (#35554)**
**Assistant Parish Attorney**
222 St. Louis Street, Suite 902
Baton Rouge, Louisiana 70802
Telephone:    (225)  389-3114
Facsimile:    (225)  389-8736
Email:        jrice@brla.gov
              mschillage@brla.gov
*Attorneys for the City of Baton Rouge/*
*Parish of East Baton Rouge*

## CERTIFICATE OF SERVICE

I hereby certify that I have SENT a copy of the foregoing pleading on counsel for all

parties to this proceeding, either by facsimile, hand-delivery, e-mail, and/or mailing the same by

U.S. Mail, properly addressed, and first class postage prepaid, namely to:

Ronald S. Haley, Jr.
8211 Goodwood Boulevard, Suite E
Baton Rouge, Louisiana 70806
Facsimile: (888) 900-9771
Email: rhaley@ronaldhaleylawfirm.com

Baton Rouge, Louisiana, on this 23d day of December, 2019.

MICHAEL P. SCHILLAGE

2

19TH JUDICIAL DISTRICT COURT
PARISH OF EAST BATON ROUGE
STATE OF LOUISIANA

STEVEN W. YOUNG AND LATRICE                    DOCKET NO.: C-689746
ROBINSON

V.

THE CITY OF BATON ROUGE,                        SECTION: "25"
CHIEF MURPHY PAUL,
JOHN DOE OFFICER 1, JOHN DOE
OFFICER 2, XYZ INSURANCE
COMPANY

## RULE TO SHOW CAUSE

IT IS ORDERED, that Steven W. Young and Latrice Robinson, plaintiffs in the above

and foregoing proceeding, and/or any other interested party, show cause on the _____ day of

_____, 201___, at _____ ___m, why the exception should not be granted in

favor of the City of Baton Rouge/Parish of East Baton Rouge, dismissing Plaintiffs' claims

without prejudice at the plaintiffs' costs.

THUS DONE AND ORDERED in BATON ROUGE, LOUISIANA, on this _____ day

of _____, 20____.


_____
HONORABLE WILSON FIELDS
JUDGE, 19TH JUDICIAL DISTRICT COURT


**PLEASE SEND NOTICE TO:**

Ronald S. Haley, Jr.                            Michael P. Schillage
8211 Goodwood Boulevard, Suite E                222 St. Louis Street, Suite 902
Baton Rouge, Louisiana 70806                    Baton Rouge, Louisiana 70802
Facsimile: (888) 900-9771                       Facsimile: (225)389-8736
Email: rhaley@ronaldhaleylawfirm.com            Email: mschillage@brla.gov

EAST BATON ROUGE PARISH
Filed Dec 23, 2019 12:42 PM
Deputy Clerk of Court
C-689746
25

19TH JUDICIAL DISTRICT COURT
PARISH OF EAST BATON ROUGE
STATE OF LOUISIANA

STEVEN W. YOUNG AND LATRICE              DOCKET NO.: C-689746
ROBINSON

V.

THE CITY OF BATON ROUGE,                 SECTION: "25"
CHIEF MURPHY PAUL,
JOHN DOE OFFICER 1, JOHN DOE
OFFICER 2, XYZ INSURANCE
COMPANY

<u>MEMORANDUM IN SUPPORT OF DECLINATORY EXCEPTION OF
INSUFFICIENCY OF SERVICE OF PROCESS</u>

MAY IT PLEASE THE COURT:

The City of Baton Rouge/Parish of East Baton Rouge ("City/Parish") respectfully

submits this Memorandum in Support of Declinatory Exception of Insufficiency of Service of

Process against Steven W. Young and Latrice Robinson ("Plaintiffs"). Plaintiffs attempted

service of process upon the City/Parish by serving the East Baton Rouge Parish Attorney's

Office ("Parish Attorney's Office") as the City/Parish's representative.  However, the Parish

Attorney's Office is not the service agent or representative of the City/Parish pursuant to La.

C.C.P. art. 1265 and La. R.S. 13:5107.  The application of relevant law and facts make clear that

the City/Parish has yet to receive proper service of this lawsuit in accordance with La. C.C.P. art.

1231, *et seq.*  Therefore, Plaintiffs' claims shall be dismissed without prejudice.

**FACTUAL & PROCEDURAL BACKGROUND**

Plaintiffs fax-filed this lawsuit in the 19th Judicial District Court on October 24, 2019

with original filing on October 31, 2019. Plaintiffs requested service upon the Parish Attorney's

Office as an attempt to provide service of process to the City/Parish on October 24, 2019. The

Parish Attorney's Office is not a service representative or agent of the City/Parish. The

City/Parish has not yet been served properly with service of process in accordance with La.

C.C.P. art. 1231, *et seq.*[1]

**LAW & ARGUMENT**

Plaintiff has failed to properly serve the City/Parish, which is political subdivision of the

state of Louisiana. La. C.C.P. art. 1231 reads, "[s]ervice of citation or other process may be

---

[1] Plaintiffs also named as a party-defendant Chief Murphy Paul and two John Does. *Referring to Petition for Damages* at 1. Service of process, whether correct or incorrect, has not occurred based upon the record of the Clerk of Court in this matter. Accordingly, no appearance is being made on behalf of any other party-defendant at this time.

either personal or domiciliary, and except as otherwise provided by law, each has the same

effect." La. C.C.P. art. 1231. Namely, La. C.C.P. art. 1265 states:

> Service of citation or other process on any political subdivision, public
> corporation, or state, parochial or municipal board or commission is made at its
> office by personal service upon the chief executive officer thereof, or in his
> absence upon any employee thereof of suitable age and discretion. A public
> officer, sued as such, may be served at his office either personally, or in his
> absence, by service upon any of his employees of suitable age and discretion.
> If the political entity or public officer has no established office, then service may
> be made at any place where the chief executive officer of the political entity or the
> public officer to be served may be found.

Further, La. R.S. 13:5107 states, in pertinent part:

> B. In all suits filed against a political subdivision of the state, or any of its
> departments, offices, boards, commissions, agencies or instrumentalities, citation
> and service may be obtained on any proper agent or agents designated by the local
> governing authority and in accordance with the laws of the state provided that the
> authority has filed notice of the designation of agent for service of process with
> and paid a fee of ten dollars to the secretary of state, who shall maintain such
> information with the information on agents for service of process for corporations.
> If no agent or agents are designated for service of process, as shown by the lack of
> such designation in the records of the secretary of state, citation and service may
> be obtained on the district attorney, parish attorney, city attorney, or any other
> proper officer or person, depending upon the identity of the named defendant and
> in accordance with the laws of the state, and on the department, board,
> commission, or agency head or person, depending upon the identity of the named
> defendant and the identity of the named board, commission, department, agency,
> or officer through which or through whom suit is to be filed against.

Here, the Mayor of the City of Baton Rouge/Parish of East Baton Rouge is the Chief

Executive Officer of same in accordance with Section 4.03 of the City/Parish's Plan of

Government.[2] As a result, the Mayor is the proper agent for service of process of the City/Parish

and the Commission in accordance with La. C.C.P. art. 1265 and La. R.S. 13:5107.

Plaintiffs have not served the City/Parish through the Mayor's Office in accordance with

La. C.C.P. art. 1265 and La. R.S. 13:1507. Instead, Plaintiffs incorrectly requested service

---

[2] Section 4.03 of the Plan of Government states in its entirety:
The Mayor-President shall be the Chief Executive Officer of the Parish and City and shall have power, as authorized
by the Metropolitan Council, subject to this Plan of Government, the ordinances and resolutions of the Metropolitan
Council adopted in pursuance thereof, and the Constitution and general laws of the State, to supervise and direct the
administration of all departments, offices and agencies of the Parish and City Governments the heads of which are
appointed by him. He shall have all the powers and duties, not inconsistent with the provisions of this Plan of
Government, conferred or imposed on the Mayor of the City of Baton Rouge by its Charter or which may be
conferred or imposed on the Mayors of Cities by the general laws of the State applicable to such City. He shall have
power to appoint and remove, subject to the provisions of Chapter 9, of this Plan of Government, the Director of
Finance, Purchasing Agent, Personnel Administrator, the Department heads as listed in Section 5.01 and 5.02 of the
Plan of Government, the Chief of the Fire Department and the Chief of Police, and such other officers and
employees as the Council may provide by ordinances pursuant to this Plan of Government. In the case of any officer
or employee who is not a member of the classified service as provided by Chapter 9 of the Plan of Government or
by any general laws applicable to the City of Baton Rouge, the Mayor-President shall, before he may exercise the
power of removal, first serve on the officer or employee sought to be removed a notice in writing setting forth the
grounds of the proposed removal and fixing a time and place, not less than ten days after the service of such notice,
at which the officer or employee shall be given an opportunity to be heard thereon. After such hearing, which shall
be public at the option of the officer or employee, the action of the Mayor-President shall be final. The Mayor-
President may suspend from duty for not more than sixty days any such officer or employee pending final action.
(As amended December 6, 2014).

through the Parish Attorney's Office as an attempt to perfect service upon the City/Parish. Simply put, the Parish Attorney's Office is not a service representative or agent of the City/Parish pursuant to state law. Further, there is no state or local statute, ordinance, or resolution proclaiming the Parish Attorney's Office as an agent for service of process for either exceptor herein. Finally, the City/Parish has not made an appearance in connection to this lawsuit so as to waive their right to assert insufficiency of service of process. Accordingly, Plaintiffs have failed to serve the City/Parish in any capacity.

## CONCLUSION

For the foregoing reasons, the City/Parish respectfully requests that this matter be dismissed without prejudice at the Plaintiffs' costs.

RESPECTFULLY SUBMITTED:
ANDERSON O. "ANDY" DOTSON, III
PARISH ATTORNEY

Jeffrey G. Rice (#23271)
**Sr. Special Assistant Parish Attorney**
**Michael P. Schillage (#35554)**
**Assistant Parish Attorney**
222 St. Louis Street, Suite 902
Baton Rouge, Louisiana 70802
Telephone:    (225) 389-3114
Facsimile:    (225) 389-8736
Email:    jrice@brla.gov
    mschillage@brla.gov
*Attorneys for the City of Baton Rouge/*
*Parish of East Baton Rouge*

### CERTIFICATE OF SERVICE

I hereby certify that I have on the 23d day of **DECEMBER, 2019**, served a copy of the foregoing pleading on counsel for all parties to this proceeding, either by facsimile, hand-delivery, e-mail, and/or mailing the same by U.S. Mail, properly addressed, and first class postage prepaid, namely to:

Ronald S. Haley, Jr.
8211 Goodwood Boulevard, Suite E
Baton Rouge, Louisiana 70806
Facsimile: (888) 900-9771
Email: rhaley@ronaldhaleylawfirm.com

MICHAEL P. SCHILLAGE

3