## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **STEVEN W. YOUNG AND LATRICE ROBINSON** | **CIVIL ACTION** |
| **V.** | |
| **THE CITY OF BATON ROUGE, CHIEF MURPHY PAUL, JOHN DOE OFFICER 1, JOHN DOE OFFICER 2, XYZ INSURANCE COMPANY** | **NO. 19-886-JWD-RLB** |

### MEMORANDUM IN SUPPORT OF MOTION TO STAY PROCEEDINGS

**MAY IT PLEASE THE COURT:**

The City of Baton Rouge/Parish of East Baton Rouge ("City/Parish") submits this memorandum in support of its Motion to Stay Proceedings as follows:

### FACTUAL BACKGROUND & PROCEDURAL HISTORY

On October 24, 2018, Steven Young and Latrice Robinson were arrested as a result of events surrounding an investigatory stop. Young was arrested on charges of possession of marijuana; illegal carrying of weapons with CDS; resisting an officer; and illegal possession of a firearm by a convicted felon. Robinson was arrested on charges of possession of marijuana and obstruction of justice.

A criminal proceeding has been initiated against Young and Robinson surrounding the aforementioned arrest. Referring to *State of Louisiana v. Steven W. Young*; Docket No. 5-19-0388; Section VII; 19th Judicial District Court; Parish of East Baton Rouge; State of Louisiana (associated docket numbers: A10-18-0531; B11-18-0030); *State of Louisiana v. Latrice RObinson*; Docket No. -----; Section ----; 19th Judicial District Court; Parish of East Baton Rouge; State of Louisiana (associated docket numbers: A10-18-0534; B10-18-0610).

On October 24, 2019, Young and Robinson fax-filed a *Petition for Damages* alleging various federal claims of deprivations of constitutional rights and state law claims of negligence and vicarious liability arising from the facts and circumstances of the arrests on October 24, 2018 in the captioned matter of *Steven W. Young and Latrice Robinson v. The City of Baton Rouge, et al.*; Docket No. C-689,746; Section 25; 19th Judicial District Court; Parish of East Baton Rouge; State of Louisiana. After the filing of dilatory exceptions due to inefficient service of process on the defendants in state court, the City/Parish filed its Notice of Removal on December 23, 2019.[1]

Pursuant to the Court's Scheduling Order, Rec. Doc. 2, counsel for the parties conferred on February 4, 2020. At the time of conferral, it was brought to undersigned attention that there was a pending criminal matter related herein. Remaining deadlines include a Joint Status Report by February 13, 2020 and a status conference on February 27, 2020 at 1:30 P.M.

## LAW & ARGUMENT

Young's and Robinson's allegations of unconstitutional arrest and imprisonment would, if true, necessarily implicate the validity of the pending charges against them and any potential conviction that might result. Such allegations cannot proceed under § 1983 at this time. *See Hudson v. Hughes,* 98 F.3d 868, 872–73 (5th Cir.1996) (holding that *Heck* precluded proceeding on the plaintiff's allegations of excessive force and false arrest because, if successful, they would call into question the validity of the plaintiff's conviction).

The Supreme Court has explained that if a plaintiff files a false arrest claim before he has been convicted, or files other claims related to rulings that will likely be made in a pending or anticipated criminal trial, the district court may, and following common practice often does, stay the civil action until the pending or potential criminal case has been decided. *Wallace v. Kato,*

---

[1] The City/Parish and the remaining defendants, who have not yet been served do not waive the requirements of F.R.C.P. Rule 4(m) by the filing of this Motion to Stay Proceedings.

2

549 U.S. 384, 393–94 (2007). If the plaintiff is ultimately convicted, and if the stayed § 1983 action would invalidate that conviction, *Heck* will require dismissal; if not, the § 1983 action will proceed, absent some other bar. *Wallace,* 549 U.S. at 394 (*citing Edwards v. Balisok,* 520 U.S. 641 (1997); *Heck,* 512 U.S. at 487). Accordingly, the civil matter brought by Young and Robinson must be stayed until resolution of the criminal proceeding occurs to avoid undue prejudice and/or invalidation of the pending charges and any subsequent conviction.

## CONCLUSION

For the foregoing reasons, the City/Parish respectfully prays that this motion be granted and that this Court issue an order temporarily staying this civil proceeding pending the resolution of the related criminal proceeding.

**RESPECTFULLY SUBMITTED:**
**ANDERSON O. "ANDY" DOTSON, III**
**PARISH ATTORNEY**

**/s/ Michael P. Schillage**
**Jeffrey G. Rice (#23271)**
**Sr. Special Assistant Parish Attorney**
**Michael P. Schillage (#35554)**
**Assistant Parish Attorney**
222 St. Louis Street, Suite 902
Baton Rouge, Louisiana 70802
Telephone:    (225)  389-3114
Facsimile:    (225)  389-8736
Email:        jrice@brla.gov
              mschillage@brla.gov
*Attorneys for the City of Baton Rouge/*
*Parish of East Baton Rouge*

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that a copy of the foregoing was this date sent to all counsel of record by electronic mail to the email address listed with the Court's electronic filing system, facsimile, and/or U.S. mail, postage prepaid and properly addressed. Notice will be mailed to any party or counsel not participating in the Court's CM/ECF system by this date depositing same in the United States Mail, postage prepaid, and properly addressed.

Baton Rouge, Louisiana this 12th day of February, 2020.

             /s/ Michael P. Schillage            
             MICHAEL P. SCHILLAGE