UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| STEVEN W. YOUNG, *et al.* | ) ) ) |
| Plaintiffs, | ) Docket No. 3:19-CV-00886-JWD-SDJ |
| v. | ) ) |
| CITY OF BATON ROUGE, *et al.* | ) ) |
| Defendants. | ) ) |

**MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT**

NOW INTO COURT, through undersigned counsel, comes Plaintiff Steven Young who files this Motion seeking leave to file a Second Amended Complaint naming several Doe Defendants.

Plaintiff Steven Young filed his First Amended Complaint on June 13, 2024.[1] At that time, Plaintiff's and Defendants' counsel began working to identify Doe Defendants named in that complaint. Defendants' counsel has since identified several Baton Rouge Police Department officers who were named in arrest reports, some of which are named in the proposed Second Amended Complaint.[2]

Parties had a scheduling conference on August 29, 2024, at which Magistrate Judge Scott D. Johnson noted that Plaintiff Young anticipated amending his Complaint to name the officers, as described, on or before September 13, 2024.[3]

Accordingly, Plaintiff Steven Young now seeks leave to file a Second Amended Complaint.

---

[1] R. Doc. 17.
[2] It is still not clear which officers seen on body camera footage are which now-identified officers and there are other individuals who remain Doe Defendants until further discovery.
[3] R. Doc. 36.

1

**A.     Legal Standard**

Where, as here, a party seeks leave to amend more than twenty-one days after serving its pleading, service of a responsive pleading, or service of a motion under Rules 12(b), (e), or (f), it may do so "only with the opposing party's written consent or the court's leave."[4] "The court should freely give leave when justice so requires."[5] Rule 15(a) "requires the trial court to grant leave to amend freely, and the language of this rule evinces a bias in favor of granting leave to amend."[6]

"[A]bsent a 'substantial reason' such as undue delay, bad faith, dilatory motive, repeated failures to cure deficiencies, or undue prejudice to the opposing party, 'the discretion of the district court is not broad enough to permit denial.'"[7]

**B.     The motion should be granted because there has been no undue delay by Plaintiff nor any other reason to deny leave to amend.**

Generally, leave to amend should be granted unless there is undue delay, bad faith, dilatory motive, repeated failures to cure deficiencies, undue prejudice, *etc.*[8]

Here, Plaintiff proposes to add additional defendants which Defendants have identified since the First Amended Complaint was filed, but does not add any additional legal claims or significant factual allegations. There is also no undue delay, bad faith, dilatory motive, repeated failures to cure deficiencies, or undue prejudice on the part of Plaintiff. Rather, the newly added Defendants are necessary for the case to proceed as a scheduling order cannot be issued until

---

[4] Fed. R. Civ. P. 15(a)(1), (2).
[5] Fed. R. Civ. P. 15(2).
[6] *Lyn–Lea Travel Corp. v. Am. Airlines*, 283 F.3d 282, 286 (5th Cir. 2002) (citation and internal quotation marks omitted).
[7] *Mayeaux v. Louisiana Health Serv. & Indem. Co*., 376 F.3d 420, 425 (5th Cir. 2004) (*quoting Dussouy v. Gulf Coast Inv. Corp*., 660 F.2d 594, 598 (5th Cir. 1981)).
[8] *Mayeaux, supra,* 376 F.3d 420, 425. *See also Rachman Bag Co. v Liberty Mut. Ins. Co*., 46 F.3d 230, 235 (2d Cir. 1995) (allowing amendment of complaint four years into lawsuit even though the "principal issue in the case changed several times").

2

conflict counsel is identified and brought into the case.[9] Although there is a pending *Motion to Dismiss* which would be formally mooted if this Motion is granted, Defendants have the opportunity to re-urge their motion.[10]

**C.     Conclusion**

For the reasons stated herein, Plaintiff Steven Young requests that the Motion be granted and that he be allowed leave to file his Second Amended Complaint.

Respectfully submitted,

*/s/ David Lanser*
William Most, 36914
David Lanser, 37764
MOST & ASSOCIATES
201 St. Charles Ave., Ste. 2500, #9685
New Orleans, LA 70170
Telephone: (504) 509-5023
Telephone: (504) 533-4521
Fax: (504) 414-6400
williammost@gmail.com
david.lanser@gmail.com

*Counsel for Plaintiff Steven Young*

---

[9] R. Doc. 36.
[10] R. Doc. 40.